**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NELSON OMAR GOMEZ CASTILLO, and FRANKLIN ABEL MEJIA SANTOS, on their own behalf and on behalf of all others similarly situated,**<br><br>        **Plaintiffs,**<br>vs.<br><br>**PARK PLACE BAR & GRILL, LLC, SERGIO DECIANTIS, CARLO DECIANTIS, PATRICK O'HALLORAN, and MATHEW TESORIARO, individually,**<br><br>        **Defendants.** | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Docket No.:** |

Plaintiffs NELSON OMAR GOMEZ CASTILLO ("Nelson") and FRANKLIN ABEL MEJIA SANTOS ("Franklin") (collectively "Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants PARK PLACE BAR & GRILL, LLC, ("Park Place" or "Defendant"), SERGIO DECIANTIS ("Sergio") , CARLO DECIANTIS ("Carlo"), PATRICK O'HALLORAN ("O'Halloran"), and MATHEW TESORIARO ("Tesoriaro"),  Individually (the Corporate Defendant and the individual Defendant are referred to collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1.      Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*. *seq*. ("FLSA"), and as a Class Action

1

pursuant to the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL"), and Rule 23 of the Fed.R.Civ.P., on behalf of themselves and all other persons similarly situated – restaurant laborers- who suffered damages and continue to suffer damages as a result of Defendants' violations of the FLSA and the New York Labor Law.

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiffs, and all other similarly situated employees, their overtime wages based upon their unlawful policies and practices. Further, Defendants willfully violated the applicable state laws of the State of New York by failing to pay Plaintiffs, and all other similarly situated employees, the lawful minimum wage based on their unlawful policies and practices.

3. Defendants failed to properly pay Plaintiffs and other similarly situated employees for their hours worked up to and including forty (40) hours per work week as the statutorily required minimum rate of hourly pay in direct violation of the NYLL. Defendants failed to properly pay Plaintiffs and other similarly situated employees for their hours worked in excess of forty (40) hours per work week at the statutorily required rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

4. Defendants failed to properly provide and maintain records regarding Plaintiffs' and other similarly situated employees' hours worked and method by which compensation was paid and further failed to compensate Plaintiffs and similarly situated employees under the spread of hours laws in accordance with applicable New York state laws.

5. Defendants required that Plaintiffs and other similarly situated employees work

more than ten (10) hours in a day. Defendants did not pay the Plaintiffs and other similarly situated employees an additional hour's pay at the basic minimum hourly wage rate when the Plaintiffs and similarly situated employees worked more than ten (10) hours in a day.

6. Plaintiffs have retained the law offices of Jaffe Glenn Law Group, P.A., to represent them in this matter.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq*.

8. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District.

11. At all times material hereto, Plaintiffs performed non-exempt kitchen duties for the Defendants based in their County of Nassau, New York location, which is within the jurisdiction and venue of this Court.

12. At all times pertinent to this Complaint, the corporate Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants routinely buy products and tools that move through interstate commerce and further accept debit and credit cards that are processed through out of state banks.

13. Defendants' annual gross revenue exceeded $500,000.00 in the years at issue.

14. The individual Defendants are within the personal jurisdiction and venue of this Court in that they directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees, at all material times, including without limitation directly or indirectly, by controlling the terms of employment of Plaintiffs and other similarly situated employees.

15. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

16. Upon information and belief, at all times relevant to this Complaint, individual Defendants Sergio, Carlo, O'Halloran, and Tesoriaro have been owners, partners, officers, and/or managers of Defendant Park Place.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendants Sergio, Carlo, O'Halloran, and Tesoriaro managed, owned, controlled and/or operated Park Place and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses.

18. Additionally, individual Defendants Sergio, Carlo, O'Halloran, and Tesoriaro directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees. By virtue of such control and authority, individual Defendants Sergio, Carlo, O'Halloran, and Tesoriaro were employers of Plaintiffs, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

19. Defendants Sergio, Carlo, O'Halloran, and Tesoriaro regularly directed and controlled Plaintiffs' work, routinely directing what jobs Plaintiffs were to perform during their employment.

20. In addition to Defendants' Sergio, Carlos, O'Halloran, and Tesoriaro's control over the work Plaintiffs were to perform, these individual Defendants also determined the pay Plaintiffs were to receive for the jobs performed.

21. Throughout the relevant period, individual Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA and NYLL in that Individual Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

22. All Defendants, corporate and individual, are covered employers within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## PARTIES

23. Plaintiff Nelson is an adult resident of Nassau County, New York.

24. Plaintiff Nelson worked for Defendants as a non-exempt kitchen worker, performing food preparation services in Defendants' restaurant from approximately 2014, through in or about March 2020.

25. Plaintiff Franklin is an adult resident of Nassau County, New York.

26. Plaintiff Franklin worked for Defendants as a non-exempt kitchen worker, performing food preparation services in Defendants' restaurant from approximately 2010, through in or about March 2020.

27. At all times relevant to this Complaint, Plaintiffs were and are "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Labor Law § 190(2).

28. Plaintiffs bring this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated – non-exempt kitchen food preparation workers – who worked in furtherance of Defendants' restaurant, on or after June 8, 2017, to the present (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs"), and on behalf of themselves and those non-exempt kitchen workers who worked in furtherance of Defendants' restaurant on or after June 8, 2014, to the present (six years before the filing of the Complaint in this case) ("NYLL").

29. Defendant Park Place is a limited liability company organized under the laws of the State of New York with a primary location in Floral Park, County of Nassau, New York.

30. Upon information and belief, at all times relevant to this Complaint, Defendants are in the restaurant, catering, and bar business.

31. Upon information and belief, at all times relevant to this Complaint, the Defendants employed individuals to perform food preparation work for their patrons.

## FLSA COLLECTIVE ALLEGATIONS

32. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

33. This action is brought on behalf of the Plaintiffs and similarly situated employees who performed and continue to perform work for Defendants as food preparation workers so as to recover their unpaid overtime compensation.

34. Plaintiffs and those employees similarly situated to Plaintiff are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) by failing to pay overtime wages, at a rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

35. Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all kitchen workers.

36. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods and the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

38. Defendants are engaged in interstate commerce and/or the production of goods for interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) as Defendants prepare foods and services, whose food and other materials come from out of state, and are used as final products sold to patrons in New York, as well as patrons from outside of New York. As well, the tools used by Defendants to perform their jobs are moved through interstate commerce. Finally, Defendants receive payment for their services with credit cards and debit cards that move through the interstate commerce channels. Alternately, Plaintiffs and those similarly situated employees used tools and products which moved through interstate commerce in the performance of their job for Defendants.

## RULE 23 CLASS ALLEGATIONS

39. Plaintiffs bring their wage claims pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all laborers employed by Defendants between June 1, 2014, and the date of final judgment in this matter.

40. All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the Defendants' records that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

41. Joinder of all Class members is impracticable since, upon information and belief, there are more than forty Class members. The exact number of Class members is presently unknown to Plaintiffs since all facts and records necessary for precise calculation are in the sole possession and control of the Defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

42. The Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class. The relief sought by Plaintiffs is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including Defendants' failure to pay minimum wages, failure to pay overtime, and Defendants' failure to provide wage statements and notices. The aforesaid policies and practices of Defendants similarly affect all Class members. Plaintiffs and Class members have sustained similar injuries and damages as a result of Defendants' unlawful acts and/or omissions.

43. Plaintiffs are fit to fairly and competently represent and protect the interests of the

Class. For the purposes of this action, Plaintiffs have no interests that conflict with those of the Class. Plaintiffs' attorneys have considerable experience in the field of employment litigation as well as class action litigation.

44. Disposition of Plaintiffs' claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate Defendant;
- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;
- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;
- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;
- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights. Upon information and belief, some Class members are still employed by Defendants.

45. Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

   a. Whether Plaintiffs and Class members were paid minimum wages;
   b. Whether Plaintiffs and Class members were paid the required overtime rate of one- and one-half times their hourly rate for all hours worked in excess of (40)

   per workweek;

  c. Whether Plaintiff and Class members were paid spread of hours premiums;

  d. Whether Defendants complied with the record-keeping requirements of NYLL;

  e. Whether Defendants had any method to keep track of the hours Plaintiff and Class Members worked.

## FACTS

46. Beginning in or about 2014, Plaintiff Nelson worked for Defendants' business performing duties as a food preparation worker.

47. Plaintiff Nelson worked six (6) days per work week, Monday through Sunday, with a day off on Tuesdays.

48. Plaintiff Nelson routinely worked on average approximately sixty-five (65) hours per workweek, and routinely worked in excess of ten (10) or more hours a day almost each work day.

49. Plaintiff Nelson was paid approximately $9.23 per hour for all hours worked, all cash.

50. From December 31, 2016, to the present, Plaintiff Nelson was not paid statutory minimum wages in accordance with the laws of the State of New York.

51. During the relevant time period, Plaintiff Nelson was not paid time and one half for hours that he worked in excess of forty (40) in a work week.

52. At the commencement of his employment, nor annually thereafter, did Plaintiff Nelson receive written notice of his wage rate in accordance with the NYLL.

53. Nor did Plaintiff Nelson receive written weekly wage notices in accordance the NYLL.

54. Beginning in or about 2010, Plaintiff Franklin worked for Defendants' business performing duties as a cleaner, cook, and food preparation worker.

55. Plaintiff Franklin worked six (6) days per work week, Monday through Sunday, with a day off on Tuesdays.

56. Plaintiff Franklin routinely worked on average approximately sixty (60) hours per workweek, and routinely worked ten (10) or more hours each workday.

57. Plaintiff Franklin was paid approximately $18.50 per hour for all hours worked, part cash and part check.

58. From in or about June 8, 2017, to the present, Plaintiff Franklin was not paid statutory overtime wages in accordance with the laws of the State of New York.

59. During the relevant time period, Plaintiff Franklin was not paid time and one half for hours that he worked in excess of forty (40) in a work week.

60. At the commencement of his employment, nor annually thereafter, did Plaintiff Franklin receive written notice of his wage rate in accordance with the NYLL.

61. Nor did Plaintiff Franklin receive written weekly wage notices as required by the applicable laws of the State of New York.

62. During the employment of Plaintiffs by Defendants, other workers employed by Defendants were paid in a similar manner as Plaintiffs and their working schedules were also similar to Plaintiffs' schedule.

63. During the employment of Plaintiffs by Defendants, other workers employed by Defendants were not provided the required wage notices in violation of the applicable laws of the State of New York.

64. Defendants have engaged and continue to engage in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

65. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

66. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiffs and FLSA Collective Plaintiffs and NYLL Class Plaintiffs, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked within a work week and for all of their hours worked in excess of forty (40) within a work week.

67. Plaintiffs have consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

68. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and the NYLL, Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs, including pre-judgment interest, all in an amount to be determined at trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

69. Plaintiffs re-allege and incorporate and hereby reference all allegations contained in the paragraphs above.

70. Defendants have engaged in a widespread pattern and practice of violating the FLSA as described in this Class and Collective Action Complaint.

71. Defendants have failed to pay Plaintiffs and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

72. Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq.*

75. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NEW YORK LABOR LAW

76. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the paragraphs above.

77. Plaintiffs bring this Cause of Action, pursuant to the NYLL, on behalf of himself and all those similarly situated as members of the New York Class ("New York Class") – non-

exempt kitchen laborers – who worked in furtherance of Defendants' restaurant business, on or after June 8, 2014 (six years before the filing of the Complaint in this case).

78. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

79. At all relevant times, Plaintiffs and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80. Plaintiffs and New York Class members are covered by the NYLL.

81. Defendants failed to pay Plaintiffs and members of the New York Class all of the overtime wages due to them in addition to their regular rate of pay to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

82. Defendants have failed to pay Plaintiffs and members of the New York Class all of their overtime compensation at the statutorily required rate of at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

83. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and New York Class members.

84. Defendants' violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

85. Due to Defendants' violations of the NYLL, Plaintiffs and New York Class members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NEW YORK LABOR LAW

86. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the paragraphs above.

87. Plaintiff Nelson bring this Cause of Action, pursuant to the NYLL, on behalf of himself and all those similarly situated as members of the New York Class ("New York Class") – non-exempt kitchen laborers – who worked in furtherance of Defendants' restaurant business, on or after June 8, 2014 (six years before the filing of the Complaint in this case).

88. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

89. At all relevant times, Plaintiff Nelson and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90. Plaintiff Nelson and New York Class members are covered by the NYLL.

91. Defendants failed to pay Plaintiff Nelson and members of the New York Class the minimum wages due to them to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

92. Defendants have failed to pay Plaintiff Nelson and members of the New York Class at the statutorily required rate of pay for all hours worked in a workweek.

93. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff Nelson and New York Class members.

94. Defendants' violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

95. Due to Defendants' violations of the NYLL, Plaintiff Nelson and New York Class members are entitled to recover from Defendants unpaid statutory minimum wages, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

### COUNT IV
### NYLL SPREAD OF HOURS LAW

96. Plaintiffs repeat and re-allege the allegations set forth in the above paragraphs.

97. Pursuant to state law, New York employees are entitled to receive "an additional hour of pay at the basic minimum hourly rate" for any workday that lasts longer than ten hours, including "intervals off duty." See 12 NYCRR § 146-1.6.

98. Upon information and belief, Defendants required that Plaintiffs and other similarly situated employees work more than ten (10) hours in a day.

99. Upon information and belief, Defendants did not pay the Plaintiffs and other similarly situated employees an additional hour's pay at the basic minimum hourly wage rate when the Plaintiffs and similarly situated employees worked more than ten (10) hours in a day.

100. Consequently, by failing to pay the Plaintiffs and similarly situated employees an additional hour's pay at the basic minimum hourly wage rate when Plaintiffs and similarly situated employees worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

101. Upon information and belief, Defendants' failure to pay "spread of hours" compensation to the Plaintiffs and similarly situated employees was willful.

102. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6, and

are liable to the Plaintiffs and other of Defendants' employees in an amount to be determined at trial, plus interest, and attorneys' fees and costs, pursuant to the above cited Labor Law and regulatory sections.

## COUNT V
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

103. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above paragraphs.

104. Defendants have willfully failed to supply Plaintiffs and New York Class members, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiffs or New York Class members, as their primary language, containing Plaintiffs' or New York Class members, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

105. Defendants have willfully failed to supply Plaintiffs and New York Class members, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours,

shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

106. Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiffs and New York Class members, are entitled to recover from Defendants Two Hundred Fifty Dollars ($250.00) for each day that the violations occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-b, as well as reasonable attorneys' fees and costs.

107. Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiffs and New York Class members, are entitled to recover from Defendants Two Hundred Fifty Dollars ($250.00) for each day that the violations occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-d, as well as reasonable attorneys' fees and costs.

**COUNT VI**
**RECOVERY FOR WEEKLY STATEMENT**
**VIOLATIONS PURSUANT TO THE NYLL**

108. Plaintiffs repeat and re-allege the allegations set forth in the previous paragraphs herein.

109. New York State law mandates that Defendants supply Plaintiffs and similar employees a statement with every payment of wages detailing, amongst other things, their hours worked and their pay as required by NYLL Article 6, § 195 3.

110. NYLL Article 6, § 195 3, requires that Defendants provide Plaintiffs and similarly situated employees with a weekly statement delineating, their dates of work covered, whether

paid by the hour, shift, day, week, salary, piece rate, commission, or other gross wages, hourly rate or rates of pay and overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked in accordance with NYLL Art. 6 § 195 3.

111.  Defendants failed to provide Plaintiffs and similarly situated employees with the statement as described above, in violation of NYLL Art. 6, § 195 3.

112.  Upon information and belief, Defendants' failure to provide Plaintiffs and putative class members this statement accurately as required was willful.

113.  Due to Defendants' violations of the NYLL, Plaintiffs and similarly situated employees are entitled to recover from Defendants Two Hundred Fifty Dollars ($250.00) for each workweek that the violations occurred, or a total Five Thousand Dollars ($5,000.00), as provided for by NYLL Art. 6 §198(1)-d, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves, individually and on behalf of all other similarly situated persons, seeks the following relief:

a.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b.  An award of unpaid overtime compensation due under the FLSA and the supporting United States Department of Labor regulations;

c.  An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    d.      An award of unpaid overtime compensation due under the NYLL;

    e.      An award of unpaid minimum wage compensation due under the NYLL;

    f.      An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

    g.      An award of spread of hours compensation due under the NYLL;

    h.      Two Hundred Fifty Dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-b;

    i.      Two Hundred Fifty Dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed Five Thousand Dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-d;

    j.      Attorneys' fees and costs of the actions; and

    k.      Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 8, 2020                          Respectfully submitted,

                                                      s/Jodi J. Jaffe
                                                      Jodi J. Jaffe, Esquire
                                                      E-mail: jjaffe@JaffeGlenn.com
                                                      New York Bar No.: JJ8034
                                                      **JAFFE GLENN LAW GROUP, P.A.**
                                                       33 State Road, Suite A-1
                                                     Princeton, New Jersey 08540
                                                     Telephone: (201) 687-9977
                                                     Facsimile: (201) 595-0308
                                                     Attorney for Plaintiffs