**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
NELSON OMAR GOMEZ CASTILLO, and
FRANKLIN ABEL MEJIA SANTOS, on their
own behalf and on behalf of all others
similarly situated,

                           Plaintiffs,

       - against -                                         CV 20-2549 (AKT)

PARK PLACE BAR & GRILL, LLC, SERGIO
DECIANTIS, CARLO DECIANTIS, PATRICK
O'HALLORAN and MATHEW TESORIARO,
individually,

                           Defendants.
-------------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND
## DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

       The Court, having reviewed the Complaint filed in this case by NELSON OMAR GOMEZ CASTILLO and FRANKLIN ABEL MEJIA SANTOS ("Plaintiffs"), as well as the Notices of Consent to Join forms filed by Opt-In Plaintiffs Alvaro Garcia, Dexis Garcia, Alex Garcia and Edward Velasquez; having reviewed the Defendant's Amended Answer to the Complaint; having assessed the claims and defenses raised by the Parties; having conferred with counsel at the Initial Conference; having taken into account the Parties' exchange of documents prior to the settlement; having considered the fact that the parties worked carefully with a respected mediator from the EDNY Court-annexed mediation program in achieving this result; having reviewed the damages calculations and the application for attorneys' fees; having considered the applicable case law; having carefully reviewed the proposed Settlement

Agreement and General Release; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

1.  The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act ("FLSA"): (a) is the result of arm's-length negotiations between experienced counsel, was achieved through the auspices of a respected EDNY Panel mediator and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the claims of the named Plaintiffs and Opt-in Plaintiffs; and (c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the claims of the named Plaintiffs and Opt-In Plaintiffs for liability and damages on the basis of alleged overtime pay under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the named Plaintiffs and Opt-In Plaintiffs' compensation while employed by the Defendants.

2.  The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) considering the named Plaintiffs and Opt-In Plaintiffs' range of possible recovery, the settlement amount represents a satisfactory portion of the potential best case scenario recovery, assuming that the named Plaintiffs and the Opt-Ins could prevail on all claims for unpaid wages, particularly in the circumstances of this case with this employer; (b) the potential outcome is affected by the significant disputes over the issues of (i) Plaintiffs and Defendants' differing positions as to the number of hours worked by the Plaintiffs and Opt-Ins; (ii) the actual pay received by the Plaintiffs and Opt-Ins; (iii) the overtime pay due and owing to the Plaintiffs and Opt-Ins; (iv) the actual financial status of the

Defendants and their ability to pay back wages based on the impact of the COVID-19 pandemic and the subsequent fire which destroyed the restaurant in January 2021; (c) Plaintiffs and the Opt-Ins face the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal; (d) the potential exists for defense witnesses to testify in a manner which conflicts with the Plaintiffs' position; (e) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel before a respected EDNY mediator; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

      3.      The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is tailored to the FLSA wage claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third of the total settlement amount are fair and consistent with the provisions of the agreement between Plaintiff, the Collective and their counsel.

      4.      The Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

      5.      Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of approximately 18% of the settlement amount ($150,000) to the attorney's fees (*i.e.*, $30,000 minus $2,355.22 expenses = $27,644.78), as provided in the

Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Jaffe Glenn Law Group, P.A. by Jodi J. Jaffe, Esq.  *See* Settlement Agreement, attached as Ex. A to First Motion for Settlement Approval ("Pls.' Mot.") [DE 31].  Such apportionment is well within the parameters set by courts in this District.  *See, e.g., Bondi v. DeFalco*, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); *Oxley v. Excellent Home Care Services, LLC*, 18 CV 2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020); *Pearlman v. Cablevision Systems Corporation*, CV 10-4992, 2019 WL 3974358, at *3 (E.D.N.Y. Aug. 20, 2019); *Aguirre v. Torino Pizza, Inc.*, No. 18-CV-2004, 2019 WL 126059*4 (S.D.N.Y. Jan. 8, 2019)*; Cohan v. Columbia Sussex Mgmt., LLC,* No. 12 Civ. 3203, (2018 WL 4861391, at *2 (E.D.N.Y. Sept. 28, 2018); *Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).  None of the Plaintiffs or Opt-Ins have objected to the breakdown of the settlement amount, including the percentage of the settlement amount designated for attorney's fees.

The Court has also used counsel's lodestar to cross-check the reasonableness of the percentage fee.  *See* Pls.' Mot.; Declaration of Jodi J. Jaffe, Esq. in Support of Application for Attorney's Fees ("Jaffe Decl.") [DE 31-4], attached as Exhibit D to Pls.' Mot.  The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to

delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)). In examining the lodestar, the Court notes that the Jaffe Glenn Law Group expended 335.7 hours on this case. *See* Jaffee Decl.; Pls.' Mot., Ex. D (Declaration and Redacted Counsels' Fees and Costs) at 12. The contemporaneous billing records of the firm showed that Attorney Andrew Glenn build a total of 16.6 hours to this matter at a rate of $450 per hour, for a total of $7,470. Attorney Jodi Jaffe who performed the bulk of the work in this case billed a total of approximately 76 hours at an hourly rate of $400, for a total of $30,350. The total lodestar amount, therefore, is $37,820. Pls.' Mot, Ex. D at 12; Jaffee Decl.

The Court has also carefully reviewed the biographical information on each of these two attorneys, including their academic credentials, professional experience, along with their professional affiliations, and prior cases. Under a lodestar analysis, this amount exceeds the amount requested under counsel's fee arrangement with the named Plaintiffs and Opt-Ins by approximately 20%. Therefore, the Court finds that the rate reported and the hours reported are reasonable, particularly in light of the fact that the lodestar amount is greater than what counsel is receiving under the terms of the settlement agreement.

6. Plaintiffs' counsel is also seeking costs in the sum of $2355.22. These costs are for disbursements such as service of process, filing fee, mediator's invoice, printing of records, etc. However, Plaintiffs' counsel has not provided the underlying documentation such as invoices, receipts or other documentary proof of these expenses. While the Court may take judicial notice of the $400 filing fee reflected on the docket sheet, *see Blackman Plumbing*

5

*Supply, Inc.*, 2020 WL 2771008, at *17 (E.D.N.Y. May 4, 2020) (recommending that no expenses beyond the filing fee be awarded where counsel "fail[ed] to provide the underlying documentation such as invoices, receipts or other documentary proof"), *report and recommendation adopted,* 2020 WL 2769266 (E.D.N.Y. May 28, 2020); *Piedra v. Ecua Restaurant, Inc.,* 17 CV 3316, 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (taking judicial notice of the $400 filing fee); *Ortega v. JR Primos 2 Rest. Corp.,* No. 15- CV-9183, 2017 WL 2634172, at *8 (S.D.N.Y. June 16, 2017) (taking judicial notice of filing fee on docket), it cannot award costs for the remaining expenses in the absence of supporting documentation, notwithstanding the fact that the Court has no reason to believe that these expenditures were not necessary or are unreasonable in any way.   Consequently, at this time, the Court awards Plaintiffs $400 in costs and will give Plaintiff 15 days to provide the missing documentation of the costs discussed here.

7.   For the foregoing reasons, the Court finds the Settlement Agreement to be fair and reasonable.   The settlement is therefore APPROVED by the Court.

8.   Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

9.   This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH PREJUDICE, in their entirety.   The Court shall withhold entering the Stipulation of Dismissal with Prejudice for a period of 15 days to give Plaintiffs' counsel the opportunity to submit the documentation set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
June 30, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge